IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUKIS JOSEPH CRUZ,

       Plaintiff,

v.                                                              No. 18cv687 JCH/KK

COLFAX COUNTY SHERIFF'S DEPARTMENT,

       Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees of Costs, Doc. 2, filed July 18, 2018 ("Application"), and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed July 18, 2018 ("Complaint").

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or

give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Except for the past two and a half weeks, Plaintiff has been unemployed during the past two years; (ii) Plaintiff's expected income next month is $1,000.00; (iii) Plaintiff's monthly expenses total $220.00; and (iv) Plaintiff has $5,000.00 - $10,000.00 in debts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he has been unemployed for most of the past two years, and because of his low monthly income and his debts.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff states the background of his case as follows:

> On the night of Khaleb Joseph Cruz' death the Sheriffs performed no questioning, no investig[a]tion etc. If they had, I would have immediately been able and awake to give testimony which could have been immediately backed up with physical evidence. (I was also given a false autopsy report) I know they actually tried to cover the crime for Audrey Morey, daughter of fellow officer and dispatcher for police.

Complaint at 2. Where the form Complaint prompts Plaintiff to identify the constitutional rights, privileges or immunities that have been violated, Plaintiff wrote: "I have suffered great loss and mental anguish and damage due to the effects of a suspicious public and police forces resulting in a pleth[o]ra of issues and damages chronicled (in large part) in Cruz v. the State of NM, the State of NM v. Cruz, Cruz v. Morey." Complaint at 3.

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; ... fails to state a claim on

which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

The Court will dismiss this case without prejudice for failure to state a claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff has not stated a claim on which relief may be granted because he has not alleged what each Defendant did to him, when the Defendants did it, or the specific legal rights the Plaintiff believes the Defendants violated. Plaintiff only makes vague and conclusory allegations which are insufficient to state a claim. The Court must therefore dismiss this case pursuant to 28 U.S.C. § 1915 because the Complaint fails to state a claim.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 18, 2018, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**